# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

| | |
|---|---|
| JAMES H. PRICE, | ) |
| | ) |
|     Objector-Appellant, | ) |
| | ) |
| | )   **CASE NO. 16-16486-E** |
| v. | ) |
| | ) |
| GODIVA CHOCOLATIER, INC., | ) |
| et al, | ) |
| | ) |
|     Appellees. | ) |

### APPELLEE DAVID MURANSKY'S SUBMISSION
### REGARDING THE COURT'S JURISDICTIONAL QUESTION

By order dated November 7, 2016, the Court asked the parties to address the following jurisdictional question:

> Please address whether appellant James H. Price, who is not a named party and who has not intervened, but who objected to the proposed class settlement, has the right to pursue an appeal from the judgment. *See, e.g., Devlin v. Scardelletti*, 536 U.S. 1, 6-8 (2002); *AAL High Yield Bond Fund v. Deloitte & Touche LLP*, 361 F.3d 1305, 1309-11 (11th Cir. 2004); *see also Day v. Persels & Assocs., LLC*, 729 F.3d 1309, 1319, 1321-22 (11th Cir. 2013).

Dr. Muransky submits that neither Mr. Price nor his fellow appellant, objector Eric A. Isaacson, have the right to pursue an appeal.

### Factual Background

This appeal follows the district court's final approval of a class action settlement. The settlement is the third-largest all-cash, non-revisionary settlement

ever brought under the Fair and Accurate Credit Transactions Act ("FACTA"). [ECF 74 at p.1]. Based on the per-class member recovery achieved, the settlement is almost as large as the top two all-cash, non-reversionary FACTA class settlements, and it is several times larger than the next largest settlement (which involved a much bigger class). [ECF 74 at p.1, fn.1].

After preliminary approval of the settlement, written notice was issued to class members informing them that they had 60 days to exclude themselves or "opt-out" of the case if they did not wish to be bound by the settlement. [ECF 39-1 at 46]. The notice also informed class members who decided not to opt out that they had the right to file a claim for payment of money under the settlement and the right to file an objection to the settlement. [*Id.*]. The notice specified the expected payout per claimant, both the percentage and exact amount of attorney fees that would be sought as well as the exact amount of the incentive award that would be sought. [*Id*. at 45].

Of the more than 318,000 class members, nearly fifty thousand filed claims for payment and almost none filed objections. [ECF 66 at p.1]. Messrs. Price and Isaacson filed claims for payment *and* filed objections. [ECF 66 at p.2].

In addition to being objectors, Price and Isaacson and their counsel are class action lawyers with an extensive history of objecting to class action settlements. [ECF 82 ("the Plaintiff aptly characterizes Mr. Price, Mr. McDonald, Mr. Isaacson

2

and Mr. Davis as 'professional objectors' who threaten to delay resolution of class action cases unless they receive extra compensation.")]. The *modus operandi* of these "professional objectors" is to hold up a settlement by objecting to it and then appealing the denial of the objection, potentially delaying the matter for years in the hope of extracting a payoff to go away:

> Repeat objectors to class action settlements can make a living simply by filing frivolous appeals and thereby slowing down the execution of settlements. The larger the settlement, the more cost-effective it is to pay the objectors rather than suffer the delay of waiting for an appeal to be resolved (even an expedited appeal). Because of these economic realities, professional objectors can levy what is effectively a tax on class action settlements, a tax that has no benefit to anyone other than to the objectors. Literally nothing is gained from the cost…

*Barnes v. FleetBoston Fin. Corp.*, No. 01-10395-NG, 2006 U.S. Dist. LEXIS 71072, *3-*4 (D. Mass. Aug. 22, 2006); *see also, Vollmer v. Selden,* 350 F.3d 656, 660 (7th Cir. 2003) (improper to file objection to "cause expensive delay in the hope of getting paid to go away"). Indeed, Mr. Isaacson sent Class Counsel a proposed stipulation to govern his hoped-for payoff. [ECF 72-1 at 29].

Nevertheless, the district court gave Price's and Isaacson's objections full consideration, expressly declining to allow their history to affect the court's decision. [ECF 99 at 6, sub.¶l. ("Whether or not objecting Class Members have objected in other class actions has not affected the Court's analysis.")]. Not only did the court consider Price's and Isaacson's lengthy initial objection briefs, but the court allowed supplemental objection briefing after Class Counsel filed their fee

petition, the court allowed their counsel to speak without limitation at the final approval hearing, and the court allowed them to submit additional briefs after the final approval hearing. [*See* ECF 99 at 6, sub.¶l.]. Mr. Isaacson also moved to take discovery, but the court denied that request, as it appeared to be a "fishing expedition." [*See* ECF 98].

At no time did Mr. Price or Mr. Isaacson seek leave to intervene. Likewise, as the court noted, "neither of the lawyers representing the objectors has sought leave of court to appear in this case." [ECF 82 at 5].[1] Despite the objections, the court ultimately determined in its discretion to grant the settlement final approval, and entered judgment. [*See* ECF 99 at 2, ¶1].

**Neither Mr. Price nor Mr. Isaacson Have the Right to Appeal**

The objectors' failure to intervene puts this Court's jurisdiction at issue because the general rule is that "only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment." *Devlin v. Scardelletti*, 536 U.S. 1, 7 (2002), quoting *Marino v. Ortiz*, 484 U.S. 301, 304 (1988) (per curiam). The Supreme Court created a narrow exception to this rule in *Devlin* by allowing an unnamed class member who was *forced* to participate in a settlement as part of a Rule 23(b)(1) class to appeal the approval of the settlement without intervening. *Devlin*, 536 U.S. at 10. However, *Devlin* qualified its holding by stating only that

---

[1] Plaintiff expressly raised the failure of the objectors' counsel to seek leave to appear [ECF 74 at p.12], but neither objectors' counsel remedied this defect despite being put on notice.

4

unnamed class members "like petitioner" Devlin did not need to intervene. *See id.* at 14. The question then is whether the objectors here are "like petitioner" Devlin such that they should be excused from intervening before appealing.

The answer is no. Unlike petitioner Devlin, Messrs. Price and Isaacson *chose* to be bound by the settlement at issue. Under both Federal Rule 23(b)(3) and the settlement's terms, all class members (including the objectors) had the absolute right to exclude themselves from the settlement, and thus avoid being bound by it. [ECF 39-1 at 46]. Price and Isaacson were well aware of this right, not only because of their extensive experience as class action lawyers and objectors, but because the right to exclusion is stated in the class notice they received. [*Id.*].

Had Price and Isaacson exercised their right to opt out, they would have been free to pursue their claims and settle them on whatever terms they saw fit. But they decided to waive their rights, preferring instead to enjoy the benefits of the settlement, while simultaneously filing objections in the hope of extracting a payoff to go away. Simply put, Price and Isaacson chose to "risk" being bound by the settlement.

These facts distinguish Price and Isaacson from petitioner Devlin, who had no such choice. Devlin had no right to exclude himself, and thus no way to avoid the settlement. *Devlin*, 536 U.S. at 10. Devlin tried to intervene, but his motion was denied. *Id.* at 5. Also, unlike the full consideration that Price's and Isaacson's

5

objections received, Devlin's objections were "disregarded." *Id.* at 12. Accordingly, the Supreme Court noted that Devlin's *only* avenue of relief was appeal. *See Id.* at 10-11 ("Particularly in light of the fact that petitioner had no ability to opt out of the settlement, see Fed. Rule Civ. Proc. 23(b)(1), appealing the approval of the settlement is petitioner's only means of protecting himself …"); and *see*, *e.g.*, *In re Integra Realty Resources, Inc.,* 354 F.3d 1246, 1256 (10th Cir. 2004). (*Devlin* involved "a class action without opt-out rights").

This Court and others have rightly questioned (without deciding) whether *Devlin* should apply to class members who, like Price and Isaacson, do not intervene and choose to be bound by a settlement they can avoid. *See AAL High Yield Bond Fund v. Deloitte & Touche LLP*, 361 F.3d 1305, 1311 (11th Cir. 2004) ("we decline to determine whether and when *Devlin* may apply outside of the mandatory class action context"); *see also Gen. Am. Life Ins. Co. Sales Practices Litig.*, 302 F.3d 799, 800 (8th Cir. 2002) ("we believe the limited reading of Devlin has considerable merit"). One court expressly ruled that *Devlin* should not be extended to settlements in which class members have the right to opt out. *Ballard v. Advance Am.*, 349 Ark. 545, 549 (Ark. 2002) ("the petitioner in *Devlin* did not have the ability to opt out of the settlement. Here, appellants had the ability to opt out and instead elected to object to the settlement…").

*Ballard* makes sense and is equitable. While it is fair to presume that a class

member who is forced into a settlement they object to has an interest that is not being adequately represented (and thus meets the test for intervention), the same cannot be said for a class member – particularly a professional objector and class action lawyer – who has the right to opt out and deliberately waives it. One who *chooses* to be bound by a settlement and accept the benefits of it, but also "hedges their bets" by objecting to try to extract a better deal for themselves or otherwise, may not be able to demonstrate that they should be allowed to intervene, *i.e.*, that they have a material interest that is being inadequately represented. *See* Fed. R. Civ. P. 24(a). Accordingly, class members in that position should first seek leave to intervene so the district court can decide if they *actually* meet the test for intervention, along with whether it would be appropriate to limit any intervention to certain issues. *See*, *e.g.*, *Flintlock Constr. Servs. v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1225 (11th Cir. 2013) ("the court could have limited Well-Come's intervention to the claims brought only against ASRRG and ASIS.")

    The instant case is illustrative. Price's and Isaacson's initial objection was that the class notice was defective because, although it expressly told class members the fee award amount Class Counsel would seek and how it was calculated, the notice did not give a date for class members to file legal briefs opposing the fee petition. This is a non-issue. The omission did not interfere with Price's or Isaacson's ability to object to Class Counsel's fee request, which is

discussed at length in their initial objections. [ECF 59, 61]. Moreover, the district court mooted any potential concern about the timing of the fee petition by allowing further objection briefing after Class Counsel filed the petition, and then again after the final approval hearing. [ECF 97]. No other class member raised this alleged issue, even though it arose from the face of the notice. Yet now Price and Isaacson seek to appeal the matter even though the outcome will not benefit them (because they already got to have more than a full say about Class Counsel's fee request) or anyone else (as no other class member objected to the proposed fee award).[2] Accordingly, it cannot be presumed that Price and Isaacson would have been allowed to intervene to assert this "issue" on appeal.

Price and Isaacson also should have sought leave to intervene because they propose to appeal matters beyond the terms of the settlement itself, shifting their objections to complain about ancillary matters and raise new issues on appeal, thus suggesting they are not interested in the class, but instead only in attempting to create leverage to coerce a payoff. For example, Mr. Isaacson threatens to try to destroy the settlement for the other 99.99% of class members who did not object by arguing the district court should have dismissed the case for lack of jurisdiction under *Spokeo, Inc. v. Robins*. [Nov. 7, 2016, Isaacson Civil Appeal Stmt., p.2, ¶5

---

[2] It should be noted that neither Price nor Isaacson can claim to be asserting any rights or arguments "on behalf of" the other unnamed class members. Price and Isaacson do not represent the other class members. *See Nat'l Ass'n of Chain Drug Stores v. New England Carpenters Health Benefits Fund*, 582 F.3d 30, 39 (1st Cir. 2009) ("a class member other than a named plaintiff is *not* a representative…") (emphasis in original).

("Issues proposed to be raised on appeal")].[3] However, it is improper for a non-party to raise this alleged issue because motions to dismiss are reserved for parties. *See* Fed. R. Civ. P. 12(b) ("a party may assert the following defenses by motion…"). Likewise, Mr. Isaacson seeks to appeal the denial of his motion to take discovery [Civil Appeal Stmt., p.2, ¶5], but once again, this is inappropriate because the right to seek discovery is reserved for parties. Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery…").

Nothing in *Devlin* excuses an unnamed class member from intervening when the class member seeks to appeal issues that go beyond the terms of the settlement, or appeal issues expressly reserve for actual parties. In fact, this Court's precedent demonstrates that unnamed class members may not take an appeal concerning rights reserved for parties. In *Day v. Persels & Assocs., LLC*, this Court held that an unnamed class member does not have the right to challenge a decision by a magistrate judge on the ground that the class member never consented to the magistrate under Federal Rule 72 because the right to grant or withhold such

---

[3] There is no *Spokeo* issue. Every motion to dismiss based on *Spokeo* that has been filed in a case asserting the claims under FACTA in this Circuit has been denied. *Wood v. J. Choo USA, Inc.*, 2016 U.S. Dist. LEXIS 106029 (S.D. Fla. Aug. 10, 2016); *Altman v. White House Black Mkt., Inc.*, 2016 U.S. Dist. LEXIS 92761 (N.D. Ga. July 13, 2016); *Guarisma v. Microsoft Corp.*, 2016 U.S. Dist. LEXIS 97229 (S.D. Fla. July 26, 2016); *Flaum v. Doctors Associates, Inc., d/b/a Subway*, No. 16-61198, Dkt. 27 (S.D. Fla. Aug. 29, 2016). These decisions are supported by this Court's decision in *Church v. Accretive Health, Inc.*, 2016 U.S. App. LEXIS 12414 at *11, fn.2 (11th Cir. July 6, 2016) (unpub.).

consent only exists for parties. *See Day*, 729 F.3d 1309, 1321-22 (11th Cir. 2013).[4] For these additional reasons, the failure to intervene bars the instant appeal.

Although several courts have questioned extending *Devlin* to class members who have the right to opt out (discussed above), it must be noted that other courts have extended *Devlin* to that context.[5] But they are distinguishable. *Churchill Village* and *Fidel* concluded that *Devlin* should apply to the cases before them because, as a practical matter, it would have been too expensive for class members to litigate their claims individually. *See Churchill Village*, 361 F.3d at 572 ("each objector's claim is too small to justify individual litigation … They therefore occupy precisely the status the Devlin Court sought to protect."); *see also Fidel*, 534 F.3d at 513 ("each class member is generally entitled to only a small damages claim…"), citing *Churchill Village*. That is not the case here because a litigant asserting a claim under FACTA can recover their attorneys' fees, thus making thus making individual litigation feasible. *Grimes v. Rave Motion Pictures Birmingham,*

---

[4] The foregoing are not the only issues Price and Isaacson propose to raise on appeal, but they show that the nature of the objection affects whether the class member qualifies to intervene. Thus, a class member who has the right to opt out and who chooses to forgo that right, file a claim for benefits under the settlement and still object, should not have an automatic right to a full appeal. Instead, the district court should decide in the first instance if the objection merits intervention. If not, the objecting class member will still be free to appeal, but they will have to show the denial of intervention was incorrect. If they cannot, then this Court can summarily dispose of the appeal on that ground without the need to address the merits of the objection.

[5] *See Churchill Village, L.L.C. v. GE.*, 361 F.3d 566, 572-73 (9th Cir. 2004); *In re Integra Realty Res., Inc.*, 354 F.3d 1246, 1257 (10th Cir. 2004); *Fidel v. Farley*, 534 F.3d 508, 512-13 (6th Cir. 2008); *Nat'l Ass'n of Chain Drug Stores*, 582 F.3d at 39-40. This Court issued an unpublished decision citing these decisions, but it is non-precedential and did not address the facts at issue here. *See Poertner v. The Gillette Company, No. 14-13882 (11th Cir. July 16, 2015)* (unpub.).

*L.L.C.*, 264 F.R.D. 659, 669 (N.D. Ala. 2010).

The other two cases, *In re Integra Realty* and *Nat'l Ass'n of Chain Drug Stores*, give no specific justification for concluding that class members who can opt out should be treated as parties on appeal without intervening. *In re Integra* decided that *Devlin*'s reasoning should extend to such class members without explanation, and *Nat'l Ass'n of Chain Drug Stores* simply relied on *Churchill Village*, *Fidel*, and *In re Integra*, while acknowledging one court that questioned extending *Devlin* to class members with opt-out rights. *See* 582 F.3d at 39-40 ("the weight of authority holds …") and at fn.8 (citing *In re Gen. Am. Life Ins. Co.*, 302 F.3d at 800, for "saying in dicta that *Devlin* might be limited to mandatory class actions."). Finally, all of the above cases are distinguishable because none involved an objecting class member who sought to appeal non-issues, issues beyond the terms of the settlement, and issues plainly reserved for actual parties.

In short, no controlling decision excuses unnamed class members who have the right to opt out from the obligation to intervene and become a party before taking an appeal, and Messrs. Price and Isaacson should not be excused from this obligation either, particularly considering that they seek to appeal immaterial matter, matter beyond the terms of the settlement, and matter reserved for actual parties. Accordingly, Price and Isaacson have no right to appeal.

## CONCLUSION

For the above reasons, Appellee Dr. David Muransky submits that the answer to the Court's jurisdictional question is that Objector Appellants Price and Isaacson do not have the right to appeal due to the fact that they never intervened or sought to intervene.

Dated: November 21, 2016

                                                Respectfully Submitted,

                                                */s/ Scott D. Owens*
                                                Scott D. Owens, Esq.
                                                SCOTT D. OWENS, P.A.
                                                3800 S. Ocean Drive, Ste. 235.
                                                Hollywood, FL 33019
                                                Tel: 954-589-0588
                                                Fax: 954-337-0666
                                                scott@scottdowens.com

                                                Bret Leon Lusskin , Jr.
                                                BRET LUSSKIN, P.A.
                                                20803 Biscayne Blvd.
                                                Ste. 302
                                                Aventura, FL 33180
                                                954–454–5841
                                                Fax: 954–454–5844
                                                blusskin@lusskinlaw.com

                                                Michael S. Hilicki
                                                KEOGH LAW, LTD.
                                                55 W. Monroe St., Ste. 3390
                                                Chicago, Il 60603
                                                312.726.1092
                                                312.726.1093 (Fax)
                                                MHilicki@KeoghLaw.com

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served on November 21, 2016 on all counsel of record or pro se parties via CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                          s/ Scott D. Owens
                                          Scott D. Owens, Esq.
                                          Florida Bar 0597651
                                          scott@scottdowens.com

## U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

## CERTIFICATE OF INTERESTED PERSONS

*James H. Price v. Godiva Chocolatier, Inc.*, **Appeal No. 16-16486-E**

Pursuant to Eleventh Circuit Rule 26.1, counsel for Plaintiff-Appellee Davis S. Muransky hereby certifies that the following persons and entities have or may have an interest in the outcome of this case:

- Bowman and Brooke, LLP, counsel for Godiva Chocolatier, Inc.
- Davis, John W., counsel for Appellant Eric Alan Isaacson
- Dimitrouleas, Hon. William P., District Court Judge
- Dykema Gossett PLLC, counsel for Godiva Chocolatier, Inc.
- Flick, Charles P., counsel for Godiva Chocolatier, Inc.
- Godiva Chocolatier, Inc., Appellee
- Hilicki, Michael S., counsel for Plaintiff-Appellee David S. Muransky
- Isaacson, Eric Alan, Appellant
- Keogh Law Ltd., counsel for Plaintiff-Appellee David S. Muransky
- Libman, Shawn Y., counsel for Godiva Chocolatier, Inc.
- Lusskin, Brett L. Jr., counsel for Plaintiff-Appellee David S. Muransky
- McDonald, W. Allen, counsel for Appellant James H. Price
- Melendez, Brian, counsel for Godiva Chocolatier, Inc.
- Nutley, C. Benjamin, counsel for Appellant Eric Alan Isaacson
- Owens, Scott D., counsel for Plaintiff-Appellee David S. Muransky
- Price, James H., Appellant
- Snow, Hon. Lurana S., District Court Magistrate Judge